SALEM TOWNE *et al. versus* EBENEZER D. AMMIDOWN.

A testator bequeathed the sum of $2000 to his granddaughter, to be paid to her by his executors upon her marriage ; but in case of her not being married, they were to pay her the interest during her life, after she should have arrived at the age of eighteen years. Upon the settlement of their first account, the executors were directed to retain in their hands, the sum of $2000, under the provisions of the will, for the use of the granddaughter. It was *held*, that the sureties on the administration bond were responsible for the faithful performance of such trust.

The executors in such case gave a joint and several bond with sureties, for the faithful execution of their duties; but after the death of one executor, the survivor neglected to pay over the amount due to such legatee, in consequence of which it was paid by the sureties. It was *held*, that the sureties could maintain no action against the personal representatives, heirs or devisees of the deceased executor, either for indemnity or contribution.

THIS was a bill in equity brought by Salem Towne, in his own right, and by Ira Barton, John Weatherell and Loring Davis, as joint executors of the will of Abijah Davis, deceased.

The bill set forth, that, at a Court of Probate held on September 3, 1816, the will of Ebenezer Davis, deceased, was duly proved ; that Jonathan Davis and Calvin Ammidown, who were named therein as executors, accepted the trust and gave bond in the penal sum of $200,000, for the faithful performance thereof ; that Towne and Abijah Davis became sureties on such bond, to the payment of which the several parties jointly and severally bound themselves and their respective heirs, executors and administrators ; that thereupon assets to the amount of $100,000 came into the hands of Jonathan Davis and Calvin Ammidown, as such executors ; and that upon the settlement of their first administration account, in

November, 1817, the judge of probate allowed them to ıetaıı of such assets the sum of $2000, to be held by them in ırus for Cynthia M'Lane and to be accounted for according tc law and the following provision of the will ;

" To my granddaughter Cynthia M'Lane, I give and bequeath two thousand dollars, to be paid to her by my said executors hereafter named, at the day of her marrying, should she ever be married ; but if not, they are to pay the interest of that sum to her from and after her arriving at the age of eighteen years, during her natural life, and at her decease they are to pay the principal of said sum to all my children that may then be living ; and the eldest child of either of my children that may have deceased, whether it be a son or daughter, shall be entitled to receive the same share that its parent would have received, if they had been living ; which two thousand dollars together with what I have given her mother in her lifetime, is to be in full for her portion out of my estate."

The bill further set forth, that on January 5, 1825, Calvin Ammidown died, testate ; that in February, 1825, his will was dely proved and the respondent, one of the executors named in the will, accepted such trust, and gave bond according to law ; that thereupon assets came into his hands, to be administered according to law and the will ; that the respondent, as such executor, without the knowledge or consent of the sureties before mentioned, or either of them, paid over to Jonathan Davis, then the surviving executor of Ebenezer Davis, the balance of the sum of $2000 remaining in the hands of Calvin Ammidown at the time of his decease, to be held by Jonathan Davis in trust under the beforementioned provision of the will of Ebenezer Davis ; that upon the settlement of the estate of Calvin Ammidown, a large balance of assets remained, after the payment of all the debts and charges, which balance passed and accrued to divers persons as legatees and devisees, including the respondent, to whom a much larger amount than the sum of $2000, accrued.

The bill further set forth, that Jonathan Davis, the surviving executor of Ebenezer Davis, having become insolvent and having wholly failed to execute the trust in relation to the sum of $2000, though thereunto duly notified, was in May, 1837.

discharged from the trust and Peter C. Bacon appointed to the same, as administrator of the remaining estate of Ebenezer Davis with his will annexed ; that Bacon accepted the trust ; and that thereupon the complainants, being liable to pay to Bacon and to Cynthia M'Lane such sum of $2000 with interest, paid the same in performance of the condition of the bond given by the executors of Ebenezer Davis.

Wherefore, and inasmuch as the complainants had not a plain, adequate and complete remedy at law, and because there were more than two parties having distinct rights and interests in such debt, which could not be definitively decided and adjusted in one action at law, they prayed, that the respondent might be held to answer to the bill, and that he might pay to the complainants the sum of $2000 with interest, in such manner as equity should require.

The case was submitted to the Court upon the bill, with the following facts, which were agreed upon by the parties.

Upon the settlement of the joint account of Jonathan Davis and Calvin Ammidown as executors, in the probate office, in November, 1817, there was found to be due to them the sum of $860·53, after reserving the sum of $3000, which Jonathan Davis was permitted to retain in trust for Asa Davis, and the sum of $2000, which the executors were directed to retain in their hands, under the provisions of the will, for the use of Cynthia M'Lane. On April 5, 1825, Jonathan Davis requested the respondent to pay over to him that portion of the estate of Ebenezer Davis which remained in the hands of his father, Calvin ; and the respondent, as the executor of his father, paid over to him the sum of $1593·84, and took a receipt therefor with a full discharge.

On August 4, 1825, Jonathan Davis, as surviving executor, settled another account in the probate office, in which he credited the estate with the whole sum due to the joint executors on the settlement of the former account.

The interest was regularly paid by Jonathan Davis to Cynthia M'Lane for several years after the decease of Calvin Ammidown.

*Barton*, for the complainants, cited *Mowry* v. *Adams*, 14 Mass. R. 327 ; *Williams* v. *More*, 9 Pick. 430.

*Newton* and *Child*, for the respondent, cited Toller on Executors, (3d ed.) 114, 363 ; Bac. Abr. *Executors and Administrators*, *G* ; *People* v. *Byron*, 3 Johns. Cas. 59 ; *St.* 1783, *c.* 24, § 19 ; Revised Stat. *c.* 63, § 7 ; *St.* 1794, *c.* 5 ; Revised Stat. *c.* 68, § 25 ; 2 Story's Equity, *c.* 29 ; *Brazier* v. *Clark*, 5 Pick. 96 ; *Winship* v. *Bass*, 12 Mass. R. 199 ; *Hall* v. *Cushing*, 9 Pick. 395.

*O.t. 8th.*

SHAW C. J. delivered the opinion of the Court. This is a bill in equity, brought by Salem Towne, in his own right, and by Barton, Weatherell and Davis, executors of the will of Abijah Davis, against the defendant Ebenezer D. Ammidown, as one of the heirs or devisees of the estate of Calvin Ammidown deceased, alleging that he has received assets by descent or by will, sufficient to pay their debt. The case is brought before the Court upon the bill, and an agreed statement of facts.

There are considerable defects in these proceedings, both in form and substance, and especially in the want of proper parties. But as the Court are all agreed upon the principle which is decisive of the case, they have thought it unnecessary to subject the plaintiffs to loss of time and expense to amend proceedings which, in whatever form they come, must be unavailing. At the same time it may be proper to remark, that the Court consider it very important, especially in the present state of our equity system, to encourage great correctness and accuracy, even in matters of form. They tend greatly to promote simplicity and clearness in presenting all questions in due order, to prevent surprise and confusion, and therefore to secure the just rights of all parties.

It appears by the facts agreed, that in 1816, Jonathan Davis and Calvin Ammidown were duly appointed executors of the will of Ebenezer Davis, and upon that occasion gave a bond in common form, to the judge of probate, in the penalty of $200,000, on which bond, the plaintiff Salem Towne, and the testator of the other plaintiffs, Abijah Davis, were sureties By his will Ebenezer Davis bequeathed to his granddaughter, Cynthia M'Lane, $2000, to be paid by his executors, on the day of her marriage ; but if not married, then to pay her the interest of that sum, after her arriving at the age of eighteen

during her life, and then to pay the principal sum over to others named. Cynthia M'Lane continued entitled to receive such interest annually, till after the removal of Jonathan Davis, hereafter stated. In 1817, the executors settled a joint account, in which they were allowed, in addition to another sum, not now material, to retain in their hands the sum of $2000, and were directed so to retain it, under the provision of the will, for the use and benefit of Cynthia M'Lane. After this, Calvin Ammidown, one of the executors, died, having in his hands about $1600 ; the defendant Ebenezer D. Ammidown was the executor of his will, and being called on by Jonathan Davis, the surviving executor of the former will, Ebenezer D. Ammidown paid over to Jonathan the balance in his hands and took his receipt therefor, with a full discharge. The interest continued to be paid by Jonathan Davis, the surviving executor, to Cynthia M'Lane, for several years, when he became insolvent, and was removed from office, and never accounted for or paid over the principal sum. Whereupon the plaintiffs, the one as surety, and the others as executors of the will of a deceased surety, being called upon by the administrator with the will annexed, paid the sum of $2000, as such sureties. More than four years elapsed, after the defendant Ebenezer D. Ammidown took out letters testamentary, on the will of his father Calvin Ammidown, before the foregoing payment was made. This suit in equity is now brought against the defendant, not as executor, but as heir and devisee having received assets from his father, as for a debt due from the father, but for which the cause of action did not accrue in season to be prosecuted against the executor.

It has been contended on the part of the defendant, that the plaintiffs, as sureties on the original bond, paid the $2000 for the use of Cynthia M'Lane, to the administrator with the will annexed of Ebenezer Davis, in their own wrong, because they were not liable to pay it. The ground is this ; that as the executors had been allowed and directed to retain the $2000, to answer the purposes specified in the will, they became special trustees, they ceased to be responsible as executors, and so their sureties ceased to be responsible for the administration of such special trust. But this position is not tenable. They

were bound to execute this trust *qua* executors. The manner in which this sum was noticed in their joint account as executors was intended, not to exempt them from further liability to account and pay over, but to show that it was a sum not then to be called for, but to be retained for the purposes of the will The condition of the bond is, to administer the estate according to the will. One of the directions of the will was, to hold this fund of $2000, till the legatee should marry or die, and in the mean time pay her the interest of it. It was their duty as executors to perform this trust ; the sureties, by their bond, undertook that they should do it ; and the non-performance is a breach. This point we now consider as settled by authorities. *Hall* v. *Cushing*, 9 Pick. 397 ; *Dorr* v. *Wainwright*, 13 Pick. 328.

Then the question arises, whether upon the facts stated any action, either for indemnity or contribution, can be maintained by the plaintiffs for money paid by them as such sureties, against the estate of Calvin Ammidown, an original joint executor, and principal obligor.

It is very clear that up to the time of the death of Calvin Ammidown, there was no default of the executors and no breach of the bond. Then the question arises in this form, whether the representatives of one joint executor, are in any form responsible for the mal-administration of the survivor happening after the decease of the former. We think it is impossible to distinguish this case from that of *Brazier* v. *Clark*, 5 Pick. 96, which was ably argued and fully considered, and in which it was held that such an action could not be maintained.

There are two views, in which the supposed liability of the estate of the deceased executor may be considered. The first is, that the two sureties are liable for the two principals jointly, and by force of the joint contract the principals are liable for each other, and of course liable over to the sureties for any mal-administration of either, and that this results from the nature of a penal bond, on condition, which creates a debt at the time of its execution, defeasible by matter subsequent. This was fully considered in the case cited, in which it was held, that such joint debt was determined by the death of one of the joint principal obligors, before a breach of the condition

The other ground is, that by force of the contract each executor becomes surety for the other, that by the severance of the trust of executorship by the death of one, his estate remains liable for the future acts of the survivor, like that of any other deceased surety. There is certainly some plausibility in this view. The point however was distinctly considered and settled in the case cited. It was considered, that as the party had become bound as principal, it would be changing the character of his obligation, to hold him as surety, and to charge his estate with the consequences of that relation.

It was somewhat urged, in the argument, that this case is distinguishable from the case cited, because in that case, the executor was considered chargeable with waste, which was a tort. But upon comparison there is no difference in principle between the cases. There the executor failed to sell out certain stock, at the time he ought to have done it, by which the estate suffered a loss ; an error of judgment, or a neglect, for which he was liable. Here the executor spent the money instead of investing it, so that it was not forthcoming when demanded. What is the difference ? It is in effect waste in both cases. But suppose it were otherwise, one a positive tort, and the other a mere neglect ; each is a breach of the bond, and it is in that respect only that the sureties are liable at all. The case cited therefore is decisive of the present ; and the Court are of opinion, that the heirs and devisees of Calvin Ammidown are not liable to the plaintiffs, either as principals for the whole sum paid, or as co-sureties, for contribution.

*Bill dismissed.*